## GOLDING v. F. WESEL MANUF'G CO.

(Circuit Court, S. D. New York. December 19, 1895.)

PATENTS—INVENTION—PRINTERS' RULE AND LEAD CUTTERS.

The Golding patent, No. 206,781, for an improvement in machines for cutting printers' rules and leads, discloses patentable novelty in the special construction of the blade, whereby it is adapted to cut rules by its rear portion, where great power is applied, and leads by its front portion, where less power is exerted.

This was a bill in equity by William H. Golding against the F. Wesel Manufacturing Company for alleged infringement of a patent.

John J. Jennings, for complainant.

Louis C. Raegener, for defendant.

COXE, District Judge. This is an infringement suit based on letters patent No. 206,781, granted to the complainant August 6, 1878, for an improvement in machines for cutting printers' rules and leads. The novelty of the machine consists in the special construction of the cutting blade by means of which it is adapted to cut both rules and leads. The rear portion of the blade, where great power is applied, is used for cutting rules which are thick and hard, the front portion, where less power is applied, is used for cutting leads which are comparatively thin and soft. The other novel features relate to details of construction which prevent lateral movement of the cutter and impart great strength and ample power to the machine. The result is a compact and convenient tool which is known in the art as "The Little Giant." The first and third claims are involved. They are as follows:

"(1) The combination of the pivoted cutter-head with the cutter having the straight and inclined cutting-edges, both located on the same side of, and the inclined edges next to the pivotal point of, the head, as and for the purpose set forth."

"(3) In combination with a fixed cutter and a cutter pivoted at one end, the guiding-block $b^6$ and arm $a^5$, for holding the free end of the cutter against lateral movement, as described."

As the defendant's machine is almost the exact counterpart of "The Little Giant," and was advertised by the defendant under the name of the "Improved Little Giant," infringement must be conceded, the only defense relied on being lack of patentable novelty. This defense cannot be maintained. The proof of patentability is unusually clear and explicit. A simple inspection of the Golding tool shows it to be an exceedingly convenient, efficacious and powerful one. It needs no expert to emphasize this; it is obvious. There was public acquiescence in the patent for 15 years. Fifteen thousand machines have been used in the printers' art. The defendant bears testimony to the value of the invention, for it sells an almost Chinese reproduction. The Hoe machine is the only one in the prior art which was actually used in a practical way by printers. Its inferiority to the complainant's machine is apparent at a glance. It is like comparing the "flint lock" of revolutionary days with the modern "Winchester." In structure, convenience of operation and

in the character of work done Golding is at all points an improvement on Hoe. It is not surprising that the former has superseded the latter and occupies a position of unchallenged supremacy in the art.

It is not pretended that any of the patents introduced by the defendant anticipates the complainant's invention and it is thought that they do not negative invention when combined. What printers wanted was a small, strong, cheap, durable and powerful machine that would cut both rules and leads, making a clean, straight, accurate cut. This they got in "The Little Giant." No other machine possessed these features, no prior patent describes how such a machine can be made. Nothing in the prior art discloses a knife capable of making a shearing cut and a straight cut at one stroke with a gauge plate arranged in plain sight of the operator so that the result is a clean, straight edge on rule and lead. The claims above quoted are aptly worded to give the inventor the fruits of his invention. They do nothing more and both are necessary to accomplish this result.

The patent having expired pendente lite the complainant is entitled to a decree for an accounting.